IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CORJALON EVANS                                                                      PLAINTIFF

V.                              CASE NO. 4:20-CV-496-BD

DOMINIC BRUNER, *et al.*                                                       DEFENDANTS

## ORDER

**I.   Background:**

Plaintiff Corjalon Evans, a pre-trial detainee at the W.C. "Dub" Brassell Detention Center (Detention Center), filed this civil rights lawsuit without the help of a lawyer. (Doc. Nos. 2; 7) In his complaint and amended complaint, Mr. Evans claims that Defendant Bruner threatened to physically harm him and encouraged other inmates to physically assault him and that Defendant Adams failed to take steps to protect him.

The Court has already dismissed official-capacity claims against Defendants Bruner and Adams in addition to all claims against Defendant Woods. Defendants Bruner and Adams have now moved for summary judgment on all remaining claims. (Doc. No. 37) Mr. Evans has responded to the motion, and it is ready for decision. (Doc. No. 41)

**II.   Discussion:**

  A.  Standard:

A party is entitled to summary judgment if—but only if—evidence in the record shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

Here, the Defendants have the burden of proving that there are no facts in dispute that would affect how the case is decided. If there are disputed facts, the Court will give Mr. Evans the benefit of any doubt.

  B.  Failure-to-Protect Claim:

Prison officials have a duty to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). And pre-trial detainees such as Mr. Evans are entitled to that same protection. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) (pretrial detainees are entitled to the same protection as convicted persons); *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (quoting *Vaughn v. Greene Cnty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (internal quotation marks omitted)).

To prove that Defendants were deliberately indifferent to his safety, Mr. Evans must show that the Defendants exposed him to a substantial risk of serious harm and that they actually knew of that risk yet failed to respond in a reasonable manner. *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010). Mr. Evans's complaints of a "general fear for his safety," however, are not enough to show that the Defendants "acted with deliberate indifference." *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994).

In his deposition, Mr. Evans testified that, in April of 2020, he heard Defendant Bruner tell other inmates, "[w]hen that bitch come off lockdown, y'all whip that bitch ass." (Doc. No. 39-1 at p.30) He also testified that Defendant Bruner stated, "I'm going to put some money on y'alls books if y'all whip this bitch." (Doc. No. 39-1 at p.30) Mr. Evans stated that he believes that Defendant Bruner "was mad about Captain said he couldn't be around me." (Doc. No. 39-1 at p.30) In his deposition, Mr. Evans testified

that he told Defendant Adams about Defendant Bruner's harassing behavior. He also admitted, however, that Defendant Adams moved him to a different area in the Detention Center in response to his complaints about Defendant Bruner. (Doc. No. 39-1 at p.31)

Assuming Mr. Evans's allegations against Defendant Bruner are true, his conduct was unprofessional and wholly inappropriate. It was not, however, a violation of Mr. Evan's federally protected rights. Verbal threats are not considered constitutional violations under current law. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation). Fortunately, Mr. Evans was not assaulted by fellow inmates when he was released from lockdown, despite Defendant Bruner's alleged misconduct. (Doc. No. 39-2 at p. 1) Based on the undisputed facts, Defendant Bruner is entitled to summary judgment.

In his complaints, Mr. Evans claims that Defendant Adams violated his rights by failing to assist him after learning of Defendant Bruner's threats. As Mr. Evans conceded in his deposition, however, Defendant Adams did take action after learning of Defendant Bruner's conduct by reassigning Defendant Bruner to work in another area of the Detention Center away from Mr. Evans. (Doc. No. 39-1 at pp.31-32) Chief Deputy Gorman testified that he and Defendant Adams "assigned Bruner to work areas of the jail where he would be away from Evans." (Doc. No. 39-2 at p.1)

Finally, Mr. Evans requests only injunctive relief in both his original and amended complaints. (Doc. No. 2 at p.5; Doc. No. 7 at p.5) In his response to the Defendants' motion, Mr. Evans concedes that Defendant Bruner is no longer employed by the

3

Detention Center. (Doc. No. 41 at p.4) Accordingly, Defendant Bruner no longer poses any threat to Mr. Evans's safety; and there is no cause for injunctive relief, even if there were a constitutional violation.

## III.   Conclusion:

Based on the undisputed evidence in the record, Defendants Bruner and Adams are entitled to judgment as a matter of law. The Defendants' motion for summary judgment (Doc. No. 37) is, therefore, GRANTED. Mr. Evans's claims are DISMISSED, with prejudice. The Clerk is instructed to close this case.

IT IS SO ORDERED, this 19th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE